UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE JAMES,<br><br>            Plaintiff,<br><br>       v.<br><br>RUBY DENT,<br><br>            Defendant. | No. 2:16-cv-1751-JAM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Tyrone James, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

For the reasons discussed below, the court concludes that it lacks federal subject matter jurisdiction over the action. Accordingly, the court recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed *in forma pauperis* in this court be denied as moot.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Here, plaintiff alleges that defendant, another resident at the Bruceville Terrace Skilled Nursing Facility where plaintiff resides, assaulted and battered plaintiff on several occasions. Plaintiff contends that defendant is "a female Negro, a Negress, a violent conformist minority and a Black Uncle Tom of the worst sort," and that defendant hates plaintiff because plaintiff is a civil rights activist. Plaintiff seeks relief pursuant to various California Penal Code provisions and other California statutes, as well as 42 U.S.C. § 1981.

In this case, the court plainly does not have federal question jurisdiction over the action. Liberally construed, plaintiff's complaint essentially purports to assert state law claims for assault and/or battery. Although plaintiff's complaint refers to 42 U.S.C. § 1981, plaintiff does not have a viable claim under that statute, because that statute "was meant, by its broad terms, to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race." See McDonald v. Santa Fe Trail Transportation Co., 427 U.S. 273, 295 (1976). Instead, the types of claims presented here are in the nature of intentional torts. Additionally, even if plaintiff's complaint could be construed as asserting a claim under 42 U.S.C. § 1983, such a claim is likewise not viable, because defendant is a private individual and not a state actor; nor does it appear that defendant meets any of the four tests articulated by the United States Supreme Court for determining whether a private party's conduct constitutes state action. See Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (private individual's action can amount to state action under (1)

2

the public function test, (2) the joint action test, (3) the state compulsion test, or (4) the governmental nexus test).

Furthermore, there is no diversity of citizenship jurisdiction, because both plaintiff and defendant are citizens of California.

Therefore, the court recommends that the action be dismissed without prejudice for lack of federal subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  <u>Other than objections to the findings and recommendations or non-frivolous motions for emergency relief</u>, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  September 8, 2016

3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE